# Jones *v.* Polk & Co., *et al.*

## *Libel and Slander.*

(Decided January 14, 1915. Rehearing denied February 4, 1915. 67 South. 577.)

1. *Libel and Slander; Imputation That White Woman is Colored.* —The publication of a white woman that she is colored, imputes no crime or misconduct, nor mental, moral nor physical fault for which one may be justly held accountable to public opinion; hence, whether such a publication is libelous depends upon circumstances.

2. *Same; Malice; Evidence.*—Where the action is for libel because of the statement in the city directory that a white woman is colored, the publisher of the directory may show that the statement made was by mistake of the printer hired to print the directory, and that on the discovery of the mistake, it was corrected, and thereby rebut the presumption of malice arising from the publication of matter in its nature calculated to injure or defame another, though not necessarily libel.

3. *Same.*—Where the publisher of a directory containing the alleged libel showed that the statement that plaintiff, a white woman, was colored, was made by the mistake of the printer hired to print the directory, and that the error was corrected upon its discovery, the court properly refused the affirmative charge to plaintiff, and submitted the cause to the determination of the jury.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Mary A. Jones against R. L. Polk & Company, and another, for libel and slander. Judgment for defendants, and plaintiff appeals. Affirmed.

BURGIN, JENKINS & BROWN, for appellant.

SMITH & WILKINSON, for appellee.

SAYRE, J.—Appellant sued appellee in an action of libel for that appellee falsely, maliciously, and with intent to defame her, published of and concerning her in a book known as "Selma City Directory" that appellant was a colored person, etc. The proof was that on page 180 of the directory printed by appellee appellant's name was printed with an asterisk before it. On page 87 of the same book it was shown that an asterisk before a name denoted that the person named was colored. Appellant's name was printed in the same column with a dozen or more Joneses, some of whom were properly designated as colored. Appellant is of pure Caucasian descent.

(1) The general statement that a person is "colored" imputes no crime, no misconduct, no mental, moral, or physical fault for which one may be justly held accountable to public opinion; and yet in the peculiar social conditions prevailing in this jurisdiction, to publish of and concerning a white woman that she is colored, meaning that she is a negro, or has negro blood in her veins, is libelous within the definition of libel commonly found in the books.—*Flood v. News & Courier Co.,* 71 S. C. 112, 50 S. E. 637, 4 Ann. Cas. 685. Whether, then, such a publication is libelous in any particular case depends upon circumstances. Here then is room for innocent mistakes.

(2, 3) Appellee offered evidence that this asterisk got in front of appellant's name by mistake of the printer hired by it to print its directory, and that immediately upon discovery of the error it was corrected, and on this evidence, under the charge of the court stating the law of the case, the jury acquitted appellee. Appellee's evidence made a case on which it was proper to leave it to the jury to find whether appellee's publication came within the saving of the following principle of the law

of libel: The publisher of matter, in its nature calculated to defame and injure another, but not necessarily libelous, must be presumed to have intended to do that which the publication is calculated to bring about, and so must be presumed to have made the publication with malice, unless he can show the contrary; and it is for him to show the contrary. In other words, appellee was properly allowed to acquit itself by satisfying the jury that it made the publication complained of neither recklessly nor with knowledge that the same was libelous.—*Smith v. Ashley,* 11 Metc. (Mass.), 367, 45 Am. Dec. 216. In *Flood v. News & Courier Co., supra,* the majority of the court held good the complaint in a similar case on the ground that it charged that the publication was willful and malicious, thus in effect, as we conceive, acting upon the view above expressed. The general charge requested by appellant was properly refused, leaving the case to be decided by the jury, and, that ruling constituting the single assignment of error, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.